J. S44012/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
JOSEPH VANGOETHEM, : No. 1778 EDA 2015
:
Appellant :


Appeal from the Judgment of Sentence, June 19, 2014,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0011551-2008


BEFORE:  FORD ELLIOTT, P.J.E., STABILE AND MUSMANNO, JJ.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JULY 11, 2016**

Joseph Vangoethem appeals from the judgment of sentence entered on June 19, 2014, by the Court of Common Pleas of Philadelphia County following revocation of his probation.  Shonda Williams, Assistant Defender, has filed a petition to withdraw, alleging that the appeal is frivolous, accompanied by an **Anders** brief.[1]  We will grant counsel's withdrawal petition and affirm the judgment of sentence.

The trial court provided the following:

> On January 23, 2009, [a]ppellant entered an
> open guilty plea to burglary, theft, forgery, and bad
> checks.[2]  A [pre-sentence investigation (PSI)] was

---

[1] **See Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

[2] 18 Pa.C.S.A. § 3502(a), 18 Pa.C.S.A. § 3921(a), 18 Pa.C.S.A. § 4101(a)(1), 18 Pa.C.S.A. § 4105(a)(1), respectively.

ordered and sentence was deferred. Following receipt and review of the PSI, [a]ppellant was sentenced on March 24, 2009 to 21 to 50 months['] state incarceration on burglary and [7 years'] probation on forgery. No further penalty was imposed on bad checks, and the theft charge merged.

Appellant was arrested on October 4, 2012, in Westmoreland County where he was eventually sentenced on July 16, 2013, to a 4 to 8 year state prison term on aggravated assault and a concurrent 1 to 2 years on an escape charge.[Footnote 1]

> [Footnote 1] [] Appellant got into a bar fight, was placed in the back of a patrol car and then fled the scene. He was apprehended and arrested a quarter mile away. A non-jury trial was held before the Hon. John E. Blahovec.

This conviction was in direct violation of the forgery probation. A [violation of probation (VOP)] hearing took place on June 19, 2014 resulting in revocation. He was sentenced to 2-5 years['] state incarceration consecutive to the Westmoreland County sentence he was serving.

On the same day, [appellant] wrote to his counsel at the Defender Association of Philadelphia advising that he wanted to file a motion to reconsider sentence and a direct appeal. Counsel filed a timely motion to reconsider sentence on June 27, 2014 which was denied on July 7, 2014. The Defender Association then failed to file a timely notice of appeal to the Superior Court and sentence became final on July 21, 2014.

On July 23, 2014, [appellant] filed a counseled PCRA petition alleging ineffective assistance of counsel for failure to file a direct appeal.

On June 11, 2015, we reinstated [appellant's] right to appeal the VOP sentence ***nunc pro tunc***.

Trial court opinion, 11/6/15 at 1-2.

Appellant raises the following issue for our review:

> Did not the lower court err and abuse its discretion in revoking appellant's probation and imposing a sentence of 2 to 5 years['] incarceration, to be served consecutively to the underlying direct violation term of 4 to 8 years' confinement, where this sentence was manifestly excessive and unreasonable?

Appellant's brief at 3.

On February 19, 2016, Attorney Williams filed in this court a petition to withdraw as counsel and an **Anders** brief, wherein Attorney Williams states that there are no non-frivolous issues preserved for our review.

> A request by appointed counsel to withdraw pursuant to **Anders** and **Santiago** gives rise to certain requirements and obligations, for both appointed counsel and this Court. **Commonwealth v. Flowers**, 113 A.3d 1246, 1247-1248 (Pa.Super. 2015).
>
>> These requirements and the significant protection they provide to an **Anders** appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal. **Commonwealth v. Woods**, 939 A.2d 896, 898 (Pa.Super. 2007). This Court has summarized these requirements as follows:
>>
>>> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to

be wholly frivolous. Counsel must also file an ***Anders*** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.

***Anders*** counsel must also provide a copy of the ***Anders*** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed ***pro se*** or raise additional points worthy of the Court's attention.

***Woods***, 939 A.2d at 898 (citations omitted).

There are also requirements as to the precise content of an ***Anders*** brief:

The ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw . . . must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on

> point that have led to the conclusion that the appeal is frivolous.
>
> *Santiago*, 978 A.2d at 361.
>
> *Id.* at 1248. If this Court determines that appointed counsel has met these obligations, it is then our responsibility "to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Id.* at 1248. In so doing, we review not only the issues identified by appointed counsel in the *Anders* brief, but examine all of the proceedings to "make certain that appointed counsel has not overlooked the existence of potentially non-frivolous issues." *Id.*

*Commonwealth v. Hankerson*, 118 A.3d 415, 419-420 (Pa.Super. 2015).

Our review of Attorney Williams' application to withdraw, supporting documentation, and *Anders* brief reveals that she has complied with all of the foregoing requirements. We note that counsel also furnished a copy of the brief to appellant, advised him of his right to retain new counsel, proceed *pro se*, and/or raise any additional points that he deems worthy of this court's attention, and attached to the *Anders* petition a copy of the letter sent to appellant as required under *Commonwealth v. Millisock*, 873 A.2d 748, 751 (Pa.Super. 2005). *See Commonwealth v. Daniels*, 999 A.2d 590, 594 (Pa.Super. 2010) ("While the Supreme Court in *Santiago* set forth the new requirements for an *Anders* brief, which are quoted above, the holding did not abrogate the notice requirements set forth in *Millisock* that remain binding legal precedent."). As Attorney Williams

has complied with all of the requirements set forth above, we conclude that counsel has satisfied the procedural requirements of **Anders**.

Once counsel has met her obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Santiago**, 978 A.2d at 355 n.5. Therefore, we now turn to the merits of appellant's appeal.

The issue appellant raises challenges the discretionary aspects of his sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. **Commonwealth v. Sierra**, [752 A.2d 910, 912 (Pa.Super. 2000)]. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa.Super. 2010).

Here, the record reflects that appellant failed to properly preserve this issue at sentencing or in a motion to reconsider and modify sentence. When a court revokes probation and imposes a new sentence, the defendant must preserve challenges to the discretionary aspects of that new sentence either by objecting during the revocation sentencing or by filing a post-sentence motion. ***Commonwealth v. Malovich***, 903 A.2d 1247, 1251 (Pa. Super. 2006). "A motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition." Pa.R.Crim.P. 708(E).

Here, a review of the record reveals that appellant failed to preserve his excessiveness claim at sentencing. (***See*** notes of testimony, 6/19/14 at 3-25.) Additionally, although appellant filed a petition to vacate and reconsider sentence in which he raised that issue, the record reflects that he filed his petition on July 7, 2014, which was 18 days after imposition of sentence and, therefore, untimely. ***See*** Pa.R.Crim.P. 703(E). Consequently, appellant is unable to satisfy the four-part test necessary to invoke this court's jurisdiction, rendering this issue frivolous.

Moreover, our independent review of the entire record has not disclosed any potentially non-frivolous issues. Therefore, we grant counsel's petition to withdraw, and we affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/11/2016